UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HOUWELING,<br><br>  Plaintiff,<br><br>  v.<br><br>JUDITH MILTNER-VAITYS, doing business as Strawberry Inn,<br><br>  Defendant. | No. 2:23-cv-00181-MCE-DB<br><br>**ORDER** |

Plaintiff Timothy Houweling ("Plaintiff") initiated this action against Defendant Judith Miltner-Vaitys, doing business as Strawberry Inn, ("Defendant") for purportedly discriminating against him on the basis of his disability by denying his service animal access to the inn. Plaintiff brings claims under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., and California's Unruh Civil Rights Act, California Civil Code §§ 51-53.

For her part, Defendant filed a Counterclaim, ECF No. 7, an Answer to the Complaint, ECF No. 8, and a First Amended Counterclaim, ECF No. 10. According to Defendant, during her one phone interaction with Plaintiff, he verbally abused and berated her based on his belief that she would not accept any animals, even service animals, at her establishment. In addition, Plaintiff allegedly proceeded to orchestrate

1

an online campaign to harass Defendant and smear her reputation.  Plaintiff thus alleges causes of action for Intentional Infliction of Emotional Distress and Elder Abuse under California law.

Presently before the Court is Plaintiff's Motion to Dismiss Defendant's First Amended Counterclaim for failure to state a claim.  ECF No. 11.[1]  After briefing was complete and the Court had undertaken an evaluation of the case, it issued the following Minute Order:

> The Court has reviewed the docket in this case in its entirety and is not convinced that it has jurisdiction or that it must exercise jurisdiction over the pending counterclaim, which this Court views as permissive. Not later than October 13, 2023, the parties are directed to file simultaneous supplement briefs not to exceed ten (10) pages advising as to why the Court should or should not exercise jurisdiction over Defendant's counterclaim.

ECF No. 14.  The parties timely responded, and the Court has reviewed their additional positions.  ECF Nos. 15-16.

The Court has original federal question jurisdiction over Plaintiff's Complaint under 28 U.S.C. § 1331.  However, there is no independent basis for establishing jurisdiction over Defendant's First Amended Counterclaim because it raises only state law claims between non-diverse parties.  Defendant thus asks the Court to exercise supplemental jurisdiction over that counterclaim pursuant to 28 U.S.C. § 1367.

> Under 28 U.S.C. § 1367, federal courts may, in specific instances, maintain supplemental jurisdiction over claims and counterclaims which have no other basis for jurisdiction in federal court.  A court has jurisdiction over state law claims "that are so related to claims" brought under the Court's federal question jurisdiction "that they form part of the same case or controversy under Article III."  28 U.S.C. § 1367.  In determining whether such a claim forms part of the same "case or controversy," the Court must determine whether the federal claim and the state law claim arise from the same "common nucleus of operative fact."  In re Pegasus Gold Corp., 394 F.3d 1189, 1195 (9th Cir. 2005) (citing United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)); Bahrampour v. Lampert, 356 F.3d 969, 978 (9th Cir. 2004).

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Local Rule 230(g).

> Closely related to the Court's jurisdictional limit under § 1367 is Federal Rule of Civil Procedure 13, which governs the process by which a defendant may allege counterclaims. A counterclaim may be compulsory or permissive. If a counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim," it is compulsory and must be raised in response to the opposing party's claim unless an exception applies. Fed. R. Civ. P. 13(a). Thus, under Rule 13(a), a court must consider whether "the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." Pochiro v. Prudential Ins. Co. of Am., 827 F.2d 1246, 1249 (9th Cir. 1987). All other counterclaims are permissive and need not be raised in the same lawsuit. Fed. R. Civ. P. 13(b).
>
> Prior to the passage of § 1367, courts relied on the distinction between compulsory and permissive counterclaims to determine whether jurisdiction over a counterclaim was proper absent an independent basis for subject matter jurisdiction. See Sparrow v. Mazda Am. Credit, 385 F. Supp. 2d 1063, 1066 (E.D. Cal. 2005) (collecting cases). Although § 1367 now governs the limits on supplemental jurisdiction, the distinction between permissive and compulsory counterclaims still proves useful. For example, if a counterclaim is compulsory, the Court has supplemental jurisdiction because a counterclaim "which arises out of the same transaction or occurrence" as the plaintiff's claim also necessarily arises from the same "common nucleus of operative fact." See id. at 1067 ("The § 1367 test for supplemental jurisdiction is broader than the test for compulsory counterclaims . . . ."). However, because the test for supplemental jurisdiction is broader than the test under Rule 13(a), a counterclaim arising from a different transaction or occurrence may still arise from a "common nucleus of operative fact," thus satisfying the test for jurisdiction under § 1367. See id.; see also Rothman v. Emory Univ., 123 F.3d 446, 454 (7th Cir. 1997); Jones v. Ford Motor Credit Co., 358 F.3d 205, 212–13 (2d Cir. 2004).

Krupa v. 5 & Diner N 16th Street LLC, No. CV-20-00721-PHX-JJT, 2020 WL 7698624, at *2-3 (D. Ariz. 2020) (internal footnotes omitted).

The Court concludes it does not have supplemental jurisdiction over Defendant's First Amended Counterclaim because it does not arise from the same common nucleus of operative fact as does Plaintiff's Complaint. Plaintiff's claims turn on establishing Defendant's legal duties under the ADA and the Unruh Act and proving that Defendant refused him a reasonable accommodation for his service animal. Defendant's causes of action, on the other hand, require analysis of everything that happened after she

purportedly advised Plaintiff that no animals were permitted at the inn (e.g., whether Plaintiff verbally attacked Defendant, initiated a campaign to harass her over the following weeks, and caused Defendant to suffer severe emotional distress).  The fact that each parties' claims share a phone call in common creates some overlap in the facts, but that overlap does not create a common "nucleus" of facts between their causes of action.  Accordingly, the Court concludes it lacks supplemental jurisdiction over the First Amended Counterclaim, and it is DISMISSED for lack of jurisdiction.

## CONCLUSION

For the reasons set forth above, the Court DISMISSES Defendant's First Amended Counterclaim (ECF No. 10) for lack of subject matter jurisdiction.  Plaintiff's Motion to Dismiss (ECF No. 11) is DENIED as moot.

IS SO ORDERED.

Dated: October 27, 2023

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE